

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-67,418-02

## EX PARTE MICHAEL JACQUES, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20020D03178 IN THE 384TH DISTRICT COURT FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Eighth Court of Appeals affirmed his conviction. *Jacques v. State*, 08-02-00491-CR (Tex. App.– El Paso Aug. 12, 2004).

Applicant contends that he is actually innocent based on newly discovered evidence, false testimony, and unreliable science. Applicant, through counsel, has filed a 96 page memorandum. Counsel signed a certificate of compliance, stating the memorandum was exactly 15,000 words, in

accordance with Rule 73.1(d) of the Texas Rules of Appellate Procedure. Rule 73.1 states:

> Length. Each ground for relief and supporting facts raised on the form shall not exceed the two pages provided for each ground in the form. The applicant or petitioner may file a separate memorandum. This memorandum shall comply with these rules and shall not exceed 15,000 words if computer-generated or 50 pages if not. If the total number of pages, including those in the original and any additional memoranda, exceed the word or page limits, an application may be dismissed unless the convicting court for good cause shown grants leave to exceed the prescribed limits. The prescribed limits do not include appendices, exhibits, cover page, table of contents, table of authorities, and certificate of compliance.

TEX. R. APP. P. 73.1(d). Given the extreme length of Applicant's attached memorandum, additional facts are needed in order for this Court to ascertain whether this application is in compliance with the rules. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall make findings of fact and conclusions of law as to whether Applicant's memorandum, excluding appendices, exhibits, cover page, table of contents, table of authorities, and certificate of compliance, is 15,000 words or less. The trial court shall also make findings of fact and conclusions of law as to whether Applicant's memorandum is in compliance with TEX. R. APP. P. 73.1(d). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 30 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 60 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 19, 2014
Do not publish